UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Barbara G. Juhnke, | Case No. |
| Plaintiff, | |
| v. | |
| Sanford Health of Northern Minnesota; and Sanford Health; | **COMPLAINT** (Jury Trial Demanded) |
| Defendants. | |

## INTRODUCTION

1. This disability discrimination, retaliation, and interference case is brought under the Americans with Disabilities Act, the Minnesota Human Rights Act, and the Family and Medical Leave Act.

2. These laws exist to protect employees with covered disabilities and medical conditions and ensure they are treated fairly.

3. Plaintiff Barbara G. Juhnke devoted her life and career to helping those in need of medical attention and care. For over 30 years, approximately 23 of them as a Registered Nurse, Plaintiff worked for Sanford Health (and its predecessor). During her final years, and as a result of her work-related injuries sustained while caring for others, Plaintiff required medical care in the form of FMLA leave and reasonable accommodations. Rather than accommodating Plaintiff, Defendant denied her requests, failed to investigate her complaints, and ultimately terminated her employment.

1

## PARTIES

4. Plaintiff is an individual who resides in Bemidji, Minnesota.

5. Defendant Sanford Health of Northern Minnesota ("Sanford" or "Defendant") is a domestic corporation with a registered address of 1300 Anne Street NW, Bemidji, MN 56601.

6. Defendant Sanford Health is a foreign corporation with a principal place of business at 1305 W. 18th Street, Sioux Falls, South Dakota, 57105-0401.

7. Defendants Sanford Health of Northern Minnesota and Sanford Health are individually and/or collectively referred to throughout this Complaint as ("Sanford" or "Defendant").

8. Defendant conducts business from a place of business located at 1233 34th Street NW, Bemidji, MN 56601.

9. At all times relevant herein, Plaintiff was an "employee" within the meaning of 42 U.S.C. § 12111(4), 29 U.S.C. § 2611(2), and Minn. Stat. § 363A.03.

10. At all times relevant herein, Defendant was Plaintiff's "employer" within the meaning of 42 U.S.C. § 12111(5), 29 U.S.C. § 2611(4), and Minn. Stat. 363A.03.

## JURISDICTION AND VENUE

11. This action arises under the American's with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"), and Minnesota Human Rights Act, Minn. Stat. § 363A.01, *et seq.* ("MHRA").

12. This Court has jurisdiction over Plaintiff's ADA and FMLA claims pursuant to 28 U.S.C. § 1331.

13. This Court has supplemental jurisdiction over Plaintiff's MHRA claims pursuant to 28 U.S.C. § 1367.

2

14. Venue is proper under 28 U.S.C. § 1391 because the unlawful practices described herein were committed in the District of Minnesota.

## FACTUAL BACKGROUND

15. Plaintiff began her employment with North Country Health Services (now Sanford) on January 14, 1985.

16. On or around 2011, North Country Health Services merged with Sanford Health and became Sanford Health of Northern Minnesota.

17. Prior to and after the merger, Plaintiff worked in the position of Registered Nurse ("RN") in the Emergency Department. Plaintiff worked as a RN for approximately 23 years.

18. In October, 2014 Plaintiff suffered a work-related injury to her back. This injury was aggravated in April, 2015. These injuries resulted in a physical impairment.

19. At various point during 2015 through 2017, Plaintiff applied for and was granted intermittent FMLA leave to deal with her physical injury.

20. During 2015, 2016, and 2017 Plaintiff took intermittent leave authorized under the FMLA.

21. During 2015 through 2017, Plaintiff's physicians ordered specific work restrictions which were delivered to Sanford's Human Resources and FMLA specialists.

22. On or about April 2, 2015 Plaintiff's physician diagnosed Plaintiff's injury as a long term injury. Plaintiff's physician ordered Plaintiff restricted to no more than six hours of continuous work during episodes of pain.

23. On or about May 28, 2015 Plaintiff's physician ordered work restrictions that restricted Plaintiff from lifting more than 40 lbs.

24. On or about September 8, 2015 Plaintiff's physician ordered work restrictions that restricted Plaintiff from pushing, pulling, lifting, or carrying more than 10 lbs. and further restricted Plaintiff from working more than six hours continuously during periods of time where Plaintiff was symptomatic.

25. From September, 2015 through her termination, Plaintiff worked with the same restrictions.

26. During 2015 and 2016 Sanford accommodated Plaintiff's work restrictions.

27. Notwithstanding that Sanford accommodated Plaintiff's restrictions during the prior two years, in mid-2017 Plaintiff was advised by her manager, Andre Haddon ("Mr. Haddon"), that Sanford would no longer accommodate Plaintiff's disability. Plaintiff was advised that she "could not work [as an RN] anymore" would have 60 days to find another position or she would be terminated.

28. In response, Plaintiff requested that Sanford continue accommodating her physical restrictions. Sanford denied this request.

29. Around this time, and on numerous occasions, Plaintiff sought to engage in an interactive process with Sanford to determine what, if any, accommodations could be made.

30. Sanford refused to engage in an interactive process with Plaintiff and instead reminded her that she was on a timeline to find other employment or else her employment would be terminated.

31. Plaintiff sought to report these violations to Human Resources by attempting to contact Brian Matthews, Director of Human Resources, by phone and e-mail on multiple occasions, but Mr. Matthews neither accepted Plaintiff's phone calls nor responded to her e-mails.

32. During this time, Plaintiff proposed that Sanford accommodate her disability by allowing her to work in triage nurse. Sanford denied this request.

33. During this time, Plaintiff also applied for a position as an RN in pre-anesthesia screening at Sanford but was not hired for the position.

34. Upon information and belief, Sanford hired an individual who had less experience than Plaintiff and who was not a member of Plaintiff's protected class.

35. During late-2017 Plaintiff was repeatedly targeted for termination by Human Resources and her manager.

36. Rather than engage in an interactive process to determine whether accommodations were available for Plaintiff, Sanford officials repeatedly advised Plaintiff that they were going to terminate Plaintiff's employment for reasons related to her disability.

37. On January 17, 2018 Plaintiff's employment as a RN with Sanford was terminated.

38. On July 11, 2018 Plaintiff filed her charge of discrimination with the EEOC alleging discrimination on the basis of disability and retaliation.

39. On or about October 9, 2018 Plaintiff received her Right to Sue from the EEOC.

## CAUSES OF ACTION

### COUNT I

**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101, *et seq.* (DISABILITY DISCRIMINATION)**

40. Plaintiff incorporates the foregoing paragraphs of her Complaint by reference. The Americans with Disabilities Act ("ADA") provides that it is an unlawful employment practice to "discriminate against a qualified individual on the basis of a disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

5

41. The ADA defines a "disability" as: (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.... 42 U.S.C. § 12102(1).

42. The ADA mandates the definition of disability to "be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by the terms of this chapter." 42 U.S.C. § 12102(4)(A).

43. Furthermore, "[a]n impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active." 42 U.S.C. § 12102(4)(D).

44. Major life activities include, but are not limited to "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

45. Plaintiff suffered from an impairment that substantially and materially limited one or more major life activities, and Plaintiff has a record of such impairment.

46. Defendants received documentation from Plaintiff and were aware of Plaintiff's disability.

47. Defendants' conduct including Defendant's failure to engage in an interactive process, failure to provide reasonable accommodations, and termination of Plaintiff, among other unlawful conduct identified herein violated 42 U.S.C. § 12112(a).

48. As a result of Defendants' conduct in direct violation of the ADA, Plaintiff has suffered loss of past and future income, mental anguish, emotional distress and other damages in an amount in excess of $75,000.00.

49. Defendants committed the above-alleged facts with malice, reckless disregard or deliberate disregard for the rights and safety of Plaintiff. As a result thereof, Plaintiff is entitled to punitive damages.

## COUNT 2

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### 42 U.S.C. § 12101, *et seq.* (FAILURE TO ACCOMMODATE)

50. Plaintiff incorporates the foregoing paragraphs of her Complaint by reference.

51. The ADA provides that discrimination includes the failure to make reasonable accommodation for the individual's disability. 42 U.S.C. § 12112(b)(5)(a). Reasonable accommodations include job restructuring and part-time or modification of work schedules. 42 U.S.C. § 12111(9)(b).

52. Plaintiff notified Defendants of her medical conditions and requested reasonable accommodations.

53. Defendants failed to reasonably accommodate Plaintiff's known disability, and instead reprimanded Plaintiff, and ultimately terminated her, as a result of her disability.

54. Defendants' conduct identified herein is discriminatory under 42 U.S.C. § 12112(b)(5)(a), and therefore violates 42 U.S.C. § 12112(a).

55. As a result of Defendants' conduct, Plaintiff has suffered loss of past and future income, mental anguish, emotional distress and other damages in an amount in excess of $75,000.00.

56. Defendants committed the above-alleged facts with malice, reckless disregard or deliberate disregard for the rights and safety of Plaintiff. As a result thereof, Plaintiff is entitled to punitive damages.

## COUNT 3

### VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT
### Minn. Stat. § 363A.01 *et seq.* *(DISABILITY DISCRIMINATION)*

57. Plaintiff incorporates the foregoing paragraphs of her Complaint by reference.

58. Minn. Stat. § 363A.08 of the Minnesota Human Rights Act provides that it is an unlawful employment practice for an employer to discharge or discriminate against any individual with respect to the compensation, terms, conditions, or privileges of employment, because of such individual's disability. A disability under Minn. Stat. § 363A.03(12) is "any condition or characteristic that renders a person a disabled person. A disabled person is any person who (1) has a physical, sensory, or mental impairment which materially limits one or more major life activities; (2) has a record of such impairment; or (3) is regarded as having such an impairment."

59. Defendants' conduct detailed herein violated Minn. Stat. § 363A.08.

60. As a result of Defendants' conduct in direct violation of the MHRA, Plaintiff has suffered loss of past and future income, mental anguish, emotional distress and other damages in an amount in excess of $75,000.00.

61. Defendants committed the above-alleged facts with malice, reckless disregard or deliberate disregard for the rights and safety of Plaintiff. As a result thereof, Plaintiff is entitled to punitive damages.

## COUNT 4

### VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT
### Minn. Stat. § 363A.01 *et seq.* *(FAILURE TO ACCOMMODATE)*

62. Plaintiff incorporates the foregoing paragraphs of her Complaint by reference.

63. Minnesota Statute § 363A.08, subd. 6, makes it an unfair employment practice for an employer "not to make reasonable accommodation to the known disability of a qualified

disabled person ... unless the employer ... can demonstrate that the accommodation would impose an undue hardship on the business."

64. Plaintiff suffers from an impairment that substantially and materially limits one or more major life activities and has a record of such impairment.

65. Defendants failed to reasonably accommodate Plaintiff's known disability and failed to engage Plaintiff in an interactive process to determine whether reasonable accommodations for Plaintiff were available.

66. The conduct of Defendants described herein violates Minn. Stat. § 363A.08 of the Minnesota Human Rights Act.

67. As a result of Defendants' conduct in direct violation of the MHRA, Plaintiff has suffered loss of past and future income, mental anguish, emotional distress and other damages in an amount in excess of $75,000.00.

68. Defendants committed the above-alleged facts with malice, reckless disregard or deliberate disregard for the rights and safety of Plaintiff. As a result thereof, Plaintiff is entitled to punitive damages.

### COUNT V

**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT  
29 U.S.C. § 2601, *et seq.* (INTERFERENCE)**

69. Plaintiff incorporates the foregoing paragraphs of her Complaint by reference.

70. The Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2612(a)(1)(D) and 2612(d)(2)(B), gives eligible employees the right to take up to twelve (12) weeks of leave because of a serious health condition that makes the employee unable to perform the functions of the employee's position.

71. A "serious health condition" is defined as "an illness, injury, impairment, or physical or mental condition that involves ... continuing treatment by a health care provider." 29 U.S.C. § 2611(11).

72. 29 U.S.C. § 2611(2) of the FMLA defines an "eligible employee" as an individual who has been employed "for at least 12 months by the employer with respect to whom leave is requested" and "for at least 1,250 hours of service with such employer during the previous 12-month period."

73. Under the FMLA, the twelve weeks of medical leave can be taken intermittently or on a reduced leave schedule when medically necessary. 29 U.S.C. § 2612(b)(1).

74. 29 U.S.C. § 2615(a) of the FMLA provides that it is unlawful for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise" any right provided under the FMLA.

75. 29 C.F.R. § 825.220(a) of the FMLA's implementing regulations states that "the FMLA prohibits interference with an employee's rights under the law, and with legal proceedings or inquiries relating to an employee's rights."

76. Plaintiff was an eligible employee of Defendants for purposes of 29 U.S.C. §§ 2611(2) and had serious health conditions that required treatment.

77. As detailed herein, Defendants interfered with Plaintiff's ability to exercise her rights under the FMLA.

78. As a result of Defendants' conduct in direct violation of the FMLA, Plaintiff has suffered loss of past and future income and other damages in an amount in excess of $75,000.00.

## COUNT VI

### VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
### 29 U.S.C. § 2601, *et seq.* (RETALIATION)

79. Plaintiff incorporates the foregoing paragraphs of her Complaint by reference.

80. 29 U.S.C. §§ 2615(a)(1)-(2) of the FMLA forbids an employer from retaliating against an employee for exercising her right to take the statutorily protected leave.

81. 29 C.F.R. § 825.220(c) of the FMLA's implementing regulations provides "[t]he Act's prohibition against 'interference' prohibits an employer from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights."

82. As detailed herein, Defendants retaliated against Plaintiff for taking intermittent FMLA leave, in violation of 29 U.S.C. § 2615.

83. As a result of Defendants' conduct in direct violation of the FMLA, Plaintiff has suffered loss of past and future income and other damages in an amount in excess of $75,000.00.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Barbara G. Juhnke asks for judgment against Defendants Sanford Health of Northern Minnesota and Sanford Health as follows:

1. That the practices of Defendants complained of herein be determined and adjudged to constitute disability discrimination and failure to accommodate in direct violation of the ADA, 42 U.S.C. § 12101, *et seq.* and Minn. Stat. § 363A.01, *et seq.;*

2. That Plaintiff be awarded all relief available under the ADA, 42 U.S.C. § 12101, *et seq.*, and Minn. Stat. § 363.01, *et seq.,* and FMLA, 29 U.S.C. § 2601, *et seq.,* including punitive damages;

3. For compensatory damages for mental anguish and emotional distress in an amount in excess of $75,000;

4. For an award to Plaintiff of her attorney's fees, penalties, and costs incurred in bringing this action;

5. For a civil penalty against Defendants pursuant to Minn. Stat. § 363A.01, *et seq.;*

6. For all such other and further relief available as this Court deems just and equitable.

PLAINTIFF DEMANDS A JURY TRIAL.

Dated December 6, 2018.                                  **TYLER W. BRENNAN LAW, LLC**

/s/ Tyler W. Brennan
Tyler W. Brennan, #0397003
T3 Building
323 N. Washington Ave. #200
Minneapolis, MN 55401
Phone: (612) 351.0084
Fax: (612) 354.4152
E-mail: tyler@tylerwbrennanlaw.com

*Attorney for Plaintiff*